Argued April 5; affirmed May 9; rehearing denied May 31, 1933

## COLLINS CONCRETE PIPE CO. *v.*
## UNION INDEMNITY CO.

(21 P. (2d) 779)

*Jas. L. Conley,* of Portland (Robert Shepherd, of Portland, on the brief), for appellant.

*Stephen W. Matthieu,* of Portland, for respondent.

KELLY, J.   There is but one question to be determined upon this appeal.  It is whether there is any evidence tending to prove plaintiff's allegation to the effect that defendant agreed to pay $1,300 to plaintiff in consideration of the assignment by J. W. Feak Construction Company of the two contracts and the moneys due and to become due thereunder for highway improvement.

Mr. J. W. Feak testified that in the office of Mr. Gilbert, who was the Oregon agent for Hansen & Rowland, who were the general agents of defendant, Gilbert told Feak, after a telephone conversation with Mr. Rowland in Tacoma during which Feak was at Gilbert's end of the line, that defendant would pay Collins the obligation in suit if Feak would make the assignment of the state funds due the Feak Construction Company to defendant, and an assignment was made in accordance with that agreement.

Mr. Feak also testified that he refused to sign the assignment unless defendant would agree to that one consideration.

Under further cross-examination, Mr. Feak added:

"I am capable mentally of remembering definitely what occurred in my conference with Mr. Gilbert, and what Mr. Gilbert promised to me with one side of a conversation that I heard over the telephone, and his reaction from what Mr. Roland told him at the other end of the line, he told me that Mr. Roland was at the other end of the line, I am mentally capable of remembering that distinctly because during that process I gave away a very large sum of money, I assigned what amounted to pretty close to two hundred thousand dollars.

"Q. But for the payment of your own bills?

"A. On the request of the Union Indemnity Company.

"Q. Yes, at the request of the Union Indemnity Company?

"A. Yes".

Plaintiff testified that he had a long distance conversation, either with Mr. Rowland or Mr. Hansen, wherein the one talking assured him that the account was promised to be paid and that they would pay it.

Mr. Feak testified further that subsequent to the assignment mentioned he had a conversation with Mr. Rowland in which Mr. Rowland confirmed the promise to pay plaintiff.

While the testimony above quoted is all contradicted, we think that it constitutes evidence tending to support plaintiff's allegation to the effect that such an agreement was made by the defendant.

It may not be out of place to mention that the validity of plaintiff's claim, as one due from J. W. Feak Construction Company, was admitted, and that Mr. Rowland testified that he was the secretary of Hansen & Rowland, Incorporated, and the attorney in fact and general agent of defendant.

The basis of defendant's argument to the effect that a nonsuit or verdict for defendant should have been ordered by the trial court is the claim that there was no testimony tending to show that any one having authority to bind defendant made the alleged agreement to pay plaintiff. It is not claimed that Hansen & Rowland did not have such authority. It is claimed. by defendant that Mr. Gilbert was without the requisite authority.

For the reasons above stated, the judgment of the circuit court is affirmed.

ROSSMAN and BELT, JJ., concur.

RAND, C. J., did not participate in this decision.